UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERT VANDE STEEG, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>        Defendants. | Case No. 19-CV-05833-LHK<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

Plaintiffs Albert Vande Steeg and Lucinda Vande Steeg (collectively, "Plaintiffs") bring this lawsuit against Defendants Ford Motor Company ("Ford") and Chino Hills Ford (collectively, "Defendants") for claims arising from Ford's sale of an allegedly defective vehicle. Before the Court is Plaintiff's motion to remand.[1] Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

**I.    BACKGROUND**

   **A. Factual Background**

---

[1] Plaintiffs' motion to remand contains a notice of motion that was filed and paginated separately from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with the same pagination. *See* Civ. Loc. R. 7-2(b).

1

Plaintiffs are residents of California. ECF No. 1-2 ("Compl.") ¶ 2. Defendant Ford, a Delaware corporation operating in California, designs, manufactures, constructs, assembles, markets, distributes, and sells automobiles. *Id.* ¶ 4. Defendant Chino Hills Ford is a citizen of Nevada. Mot. at 6.

Plaintiffs allege that in or about February 2013, "Plaintiffs purchased a 2013 Ford F-150, . . . which was manufactured and or distributed by Defendant [Ford]." *Id.* ¶ 8. When Plaintiffs purchased the 2013 Ford F-150 vehicle (the "Vehicle"), Plaintiffs "received an express written warranty, including a 3-year/36,000 mile express bumper to bumper warranty, a 5-year/60,000 mile powertrain warranty, which . . . covers the engine and transmission." *Id.* ¶ 9.

Plaintiffs assert that those warranties provided that if "a defect developed with the [Vehicle] during the warranty period, Plaintiffs could deliver the [Vehicle] for repair services to Defendant's representative and the [Vehicle] would be repaired." *Id.* Plaintiffs allege that during the warranty period, the Vehicle developed a number of defects that "substantially impair the use, value, or safety of the Vehicle." *Id.* ¶ 10.

According to Plaintiffs, however, "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* ¶ 11. Indeed, Plaintiffs allege that when Plaintiffs "presented the Vehicle to Defendant's representative," Defendant "failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days." *Id.* ¶ 18.

**B. Procedural History**

On August 6, 2019, Plaintiffs filed a complaint against Defendants in California Superior Court for the County of Santa Clara. Compl. at 1. Defendant Ford was served with the summons and complaint on August 19, 2019. ECF No. 1 ¶ 3.

Plaintiff's complaint alleges seven causes of action: (1) violation of California Civil Code § 1793.2(d) against Ford, Compl. ¶¶ 8–16; (2) violation of California Civil Code § 1793.2(b) against Ford, *id.* ¶¶ 17–21; (3) violation of California Civil Code § 1793.2(a)(3) against Ford, *id.*

2

¶¶ 22-24; (4) breach of express written warranty in violation of California Civil Code §§ 1791.2(a) and 1794 against Ford, *id.* ¶¶ 25–28; (5) breach of the implied warranty of merchantability in violation of California Civil Code §§ 1791.1, 1794, and 1795.5 against Ford and Chino Hills Ford, *id.* ¶¶ 29–33; fraud by omission against Ford, *id.* ¶¶ 34–40; and negligent repair against Chino Hills Ford, *id.* ¶¶ 41–45.

In Plaintiffs' motion to remand, Plaintiffs claim that their cause of action for breach of the implied warranty of merchantability against Chino Hills Ford was a "typographical error." ECF No. 11-1 at 1. It is not clear to the Court how the allegation of an entire cause of action against a defendant can be a "typographical error." Nonetheless, Plaintiffs acknowledge that Chino Hills Ford "did not sell the Subject Vehicle to Plaintiffs." *Id.*

On September 18, 2019, Defendants removed Plaintiff's complaint to federal court. ECF No. 1. Defendants' notice of removal states that the Court has diversity jurisdiction over this case because the parties are diverse and because the amount in controversy exceeds $75,000. *Id.* at 5.

On December 13, 2019, Plaintiffs filed the instant motion to remand. ECF No. 11 ("Mot."). On December 27, 2019, Defendants filed an opposition, ECF No. 13 ("Opp'n"), and on January 3, 2020, Plaintiffs filed a reply, ECF No. 14 ("Reply").

## II.   LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Moreover, the party seeking to establish federal jurisdiction must meet this burden "by a preponderance of the evidence." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General*

*Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis omitted)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III.   DISCUSSION

Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Plaintiffs' motion to remand argues that the Court lacks diversity jurisdiction over this case because Defendants have failed to demonstrate that the amount in controversy exceeds $75,000. The Court agrees.

Where, as here, it is not facially evident from the Complaint that the $75,000 amount in controversy was satisfied at the time of removal, a defendant must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). When first filing a notice of removal, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, (2014) (citing 18 U.S.C. § 1446(a)). However, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

Here, Defendants present two arguments that the amount in controversy exceeds $75,000. First, Defendants argue that Plaintiffs allege actual damages of at least $25,000.01 and additional civil penalties of twice the actual damages, for a total of over $75,000. Opp'n at 3–6. Second, Defendants argue that Plaintiffs claim attorney's fees, which may "approach or exceed" $50,000.00. Opp'n at 6. The Court considers each argument in turn below.

#### A. Actual Damages and Civil Penalties

In the complaint, Plaintiffs' prayer for relief includes actual damages and "a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794,

subdivision (c) or (e)." Compl. at 10.  However, Plaintiffs specify a monetary amount only once, when they allege that "Plaintiffs suffered damages in a sum to be proven at trial in an amount not less than $25,000.01." Compl. ¶ 13.

Based on this allegation, Defendants argue that this case satisfies the amount in controversy requirement for diversity jurisdiction because Plaintiffs have alleged over $75,000 in actual damages and civil penalties alone.  Opp'n at 3–6.  Plaintiffs disagree and respond that the above allegation sets forth "*total* damages" of $25,000.01, "which include[s] *both* actual damages *and* civil penalties" authorized by California Civil Code 1794(c) and (e).  Mot. at 4.  The Court finds that this allegation is ambiguous and thus insufficient to meet Defendants' burden to establish removal.  *See Provincial Govt's of Marinduque*, 582 F.3d at 1087 ("The defendant bears the burden of establishing that removal is proper.").

*Edwards v. Ford Motor Company* is on point.  No. CV 16-05852 BRO (PLAx), 2016 WL 6583585 (C.D. Cal. Nov. 4, 2016).  There, the plaintiff brought a similar case against Ford for defects in the plaintiff's vehicle.  *Id.* at *1.  The plaintiff alleged in the complaint that he "suffered damages in a sum to be proven at trial that exceeds $25,000." *Id.* * 3.  In opposing the plaintiff's motion to remand, Defendants argued that this allegation signified "'actual damages' separate from a civil penalty amount." *Id.* at *4.  Nonetheless, the court found that this statement was ambiguous and that "the amount in controversy is unclear from the face of Plaintiff's complaint." *Id.* at *3.  Additionally, the court held that neither the Defendants nor the complaint itself provided "any facts that would allow the Court to determine the amount of actual damages." *Id.* at *4.  Thus, "because removal jurisdiction is strictly construed against removal," the court found that the ambiguity weighed against removal. *Id.*

Here, as in *Edwards*, Defendants ask the Court to construe an ambiguity regarding Plaintiff's use of the word "damages" in favor of removal by reading Plaintiff's allegation of "damages" to mean "actual damages." *See id.* at *3–4; Compl. ¶ 13.  Defendants argue that the term "damages" can only mean actual damages and not civil penalties, but Defendants do not cite any evidence or case law to support their proposed construction.  *See* Opp'n at 3.  The Ninth

5

Circuit requires this Court to resolve "any doubt about the right of removal . . . in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.  Because Defendants have not provided a basis for the Court to interpret "damages" to mean "actual damages," the Court must resolve this ambiguous allegation in favor of remand.  *See id.*

Defendants also argue in passing that Plaintiffs seek "incidental and consequential damages, punitive damages, and prejudgment interest." Opp'n at 7.  However, Defendants fail to quantify any of these forms of relief.  Without any amounts for these different forms of relief, the Court cannot assess whether this case meets the amount in controversy requirement.  Thus, here too Defendants fail to satisfy their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Finally, Defendants offer one other piece of "evidence" to estimate the actual damages: the suggested retail price for the Vehicle, which Defendants claim was $50,830.00.  *See* Opp'n at 7 (citing ECF No. 13-1 ("May Decl.") ¶ 8, Ex. B).  However, as Plaintiffs point out, Defendants ask the Court to speculate as to the *actual* purchase price of the Vehicle with no other information. Reply at 4.  Courts in nearly identical cases against Ford have found that merely providing the retail price of the vehicle at issue without providing information on the actual sales price leaves "considerable doubt as to the amount in controversy." *See, e.g.*, *Chajon v. Ford Motor Company*, No. 2:18-cv-10533-RGK(RAOx), 2019 WL 994019 (C.D. Cal. Jan. 8, 2019) (citing *Tokmakova v. Volkswagen Group of America, Inc.*, No. CV 12-04666 SJO (PJWx), 2012 WL 12952629, at * 3 (C.D. Cal. Aug. 1, 2012)).  As above, in light of this uncertainty, the Court must resolve any doubt "in favor of remand." *See Moore-Thomas*, 553 F.3d at 1244.

In sum, the Court finds that Defendants have only demonstrated by a preponderance of the evidence that the amount of damages, including civil penalties, is at least $25,000.01.

### B. Attorney's Fees

Because Defendants' have only established damages of $25,000.01, Defendants must be able to demonstrate by a preponderance of the evidence that at least an additional $50,000 is at stake in the instant case.  Defendants only other argument is that the attorney's fees may

6

"approach or exceed" $50,000.  *See* Mot. at 6.  The Ninth Circuit has held that, "if the law entitles the plaintiff to future attorneys' fees if the action succeeds, . . . the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  "The defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id.* at 788.  The Court finds that Defendants fail to demonstrate by a preponderance of the evidence that the attorney's fees in this case will be at least $50,000.

Here, to substantiate their claim that the attorney's fees may exceed $50,000, Defendants provide a declaration in which Defendants' counsel attests that "it is not uncommon, and in fact quite regular, for attorney's fees and cost awards (or resolutions through informal discussions with opposing counsel) to exceed $50,000.00" in cases "[involving] Song-Beverly and Magnuson-Moss [Act claims]." May Decl. ¶ 5.  Defendants also provide one example of a motion for attorney's fees submitted by Plaintiff's counsel in a different case, *Faghani v. Ford Motor Company*, where the plaintiff requested $300,483.00 in attorney's fees after the case ended in a 4-day bench trial.  *Id.* ¶ 6, Ex. A (the "*Faghani* motion").

However, Defendants do not assert that the instant case is comparable to *Faghani*.  In fact, upon reviewing the *Faghani* motion, the Court finds that the proceedings in *Faghani* are likely not representative.  For example, the *Faghani* motion argues that the attorney's fees incurred were greatly increased as a result of the defendants' litigation tactics, including "systematically obstructing Plaintiff's discovery efforts," and "engaging in bad faith conduct that resulted in the Court levying . . . sanctions against Ford." May Decl., Ex. A at 1.  In this case, the Court expects that Defendants will not engage in similar conduct, which would needlessly multiply proceedings and attorney's fees.  Moreover, Defendants do not provide any other information regarding *Faghani*, such as the damages requested in the complaint or the jury verdict, which would allow a comparison of *Faghani* to the instant case.  The Court thus lacks any basis to find that the instant case would involve the same amount in attorney's fees as *Faghani*.

Without any other evidence, the Court may not merely accept Defendants' assertion that "it

is not uncommon, and [is] in fact quite regular, for attorneys' fees and cost awards . . . to exceed $50,000." May Decl. ¶ 5. Defendants' mere assertion that attorney's fees regularly exceed $50,000 does not explain how the instant case relates to the "regular" case, i.e., whether the instant case is comparable to, or is more or less complex than, counsel's usual experience litigating "these cases." *See id.* As a result, the Court finds that Defendant has failed to substantiate any specific amount in potential attorney's fees by a preponderance of the evidence. *See Fritsch*, 899 F.3d at 788.

### C. Total Amount in Controversy

In sum, the Court finds that Defendants have only established by a preponderance of the evidence that the amount in controversy exceeds $25,000.01. This does not exceed the $75,000 amount in controversy requirement for diversity jurisdiction. Thus, Defendants have failed to meet their burden to demonstrate that the Court has diversity jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED.

**IT IS SO ORDERED.**

Dated: May 5, 2020

*[signature: Lucy H. Koh]*

LUCY H. KOH
United States District Judge